## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRAXTON ROUSELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1877** |
| **SUE ELLEN MONFRA** | **SECTION "R" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.    Factual and Procedural Background

The petitioner, Braxton Rousell ("Rousell"), is a convicted inmate incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana.[2]  Rousell submitted this petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2017 Jefferson Parish conviction for assault on a police officer.[3]  Rousell did not submit a filing fee or an application to proceed *in forma pauperis* with his petition.

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

[3] Rec. Doc. No. 1.

**II.     Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a petitioner's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the petitioner, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007).

In this case, the petitioner is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotes omitted); *Birl*, 660 F.2d at 593.

**III.     Discussion**

As indicated above, Rousell did not submit the required $5.00 filing fee or a request for leave to proceed *in forma pauperis*.   Rousell was sent a notice of deficiency by the Clerk of Court on March 6, 2017, at his address of record in the Jefferson Parish Correctional Center.[4]   The notice from the Clerk of Court required Rousell to either pay the $5.00 filing fee or submit a complete pauper application on the required form, along with the certification of his inmate account balance. The envelope containing the notice has not been returned as undeliverable.   Rousell did not respond to the notice or otherwise contact the Court about his case.

To provide Rousell a final opportunity to do so, the Court issued a Show Cause Order on April 7, 2017, requiring Rousell to show cause by April 27, 2017, why this case should not be dismissed with prejudice for failure to submit the filing fee or a completed pauper application with the necessary account certification.[5]   The Clerk of Court mailed a copy of the Order to Rousell at his prison address, and the envelope containing the notice has not been returned as undeliverable.

As of this time, Rousell has not submitted the filing fee or a completed a pauper application or otherwise contacted the Court about his petition.  He therefore has failed to correct the deficiencies in his submission after receiving due notice from the Court and the Clerk of Court. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

---

[4] Rec. Doc. No. 2.

[5] Rec. Doc. No. 3.

**IV.   Recommendation**

It is therefore **RECOMMENDED** that Braxton Rousell's petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 31st day of May, 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.